**Gilbert JAXON, and on behalf of all other persons similarly situated, Plaintiff-Appellant,**

**v.**

**CIRCLE K CORPORATION, James S. Coolige, Robert G. Campau, Daniel Gomez, Clyde Petty, Joe Wilson, Kenneth Moffett, EEOC District Director, Albuquerque, New Mexico, EEOC Area Director, Phoenix, Arizona, and EEOC Specialist Ralph Garcia, Defendants-Appellees.**

**No. 84–2775.**

United States Court of Appeals, Tenth Circuit.

Oct. 4, 1985.

Submitted on briefs pursuant to Tenth Circuit Rule 9: Gilbert Jaxon, pro se.

Before LOGAN, SEYMOUR, and MOORE, Circuit Judges.

SEYMOUR, Circuit Judge.

Gilbert Jaxon, a black man, filed this civil rights suit pro se against the Circle K Corporation, several of its employees, and the EEOC. He asserted claims under 42 U.S.C. §§ 1981, 1985(3), and 2000e *et seq.* (1982) arising from his employment with defendant Circle K and from the EEOC's handling of his Title VII charges. The district court dismissed the EEOC defendants, denied plaintiff's motion to certify a class, and granted summary judgment for

remaining defendants on all claims. We affirm in part and reverse in part.

In reviewing the grant of a summary judgment motion, the court of appeals must view the record most favorably to the nonmoving party. *Clark v. Atchison, Topeka & Santa Fe Railway Co.,* 731 F.2d 698, 700 (10th Cir.1984); *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373, 1377 (10th Cir.1980). Where different inferences may be drawn from the evidence, summary judgment is inappropriate. *Luckett,* 618 F.2d at 1377; *Exnicious v. United States,* 563 F.2d 418, 423–24 (10th Cir.1977).

Viewed in this light, the record reveals that Jaxon was originally discharged from his position as a clerk at Circle K after a dispute with a white co-worker, who was not terminated. Jaxon filed a discrimination complaint with the EEOC. Following his discharge, Jaxon was unable to find another job despite what he believed to be good employment interviews. Suspecting that he was getting bad references from Circle K, Jaxon had a friend, John Vlahos, call and ask for an employment reference from Jaxon's former supervisor, Daniel Gomez. Gomez told Vlahos that "Jaxon gave him a hard time, that his references were no good, he never worked at the places he had put down as references, he goes from place to place causing trouble, suing different companies." Rec., vol. V, Vlahos dep. at 34–35. Jaxon then filed a second charge with the EEOC alleging retaliation.

The charges were initially resolved by a settlement agreement under which Jaxon was to be reinstated and given the appropriate seniority. Upon his return to work, Jaxon was scheduled to work as a "floater," an assignment he believed violated the seniority rights given him by the agreement. Following an unsatisfactory meeting with Circle K personnel to resolve the problem, Jaxon felt harassed and degraded and quit his Circle K employment. He then filed a third EEOC charge alleging further retaliation.

Jaxon eventually brought this action. The EEOC defendants were dismissed from the case, and class certification was denied. Thereafter, the remaining defendants filed a motion for summary judgment. Under Fed.R.Civ.P. 56, when a motion for summary judgment is supported by sworn affidavits or other materials provided under oath, the nonmoving party must respond in kind in order to show the existence of an issue of material fact. *See, e.g., Nakao v. Rushen,* 580 F.Supp. 718, 722 (N.D.Cal.1984). Most of the material submitted by Jaxon was not sworn as required by the rules. In granting defendants' motion, the district court concluded that Jaxon had set out five claims and had failed to support any of them by "even a scintilla of evidence." Rec., vol. III, at 1008.

In fact, as illustrated by Jaxon's response to the motion, the record reveals material which would preclude the grant of summary judgment on Jaxon's discrimination and retaliation claims if that material were in the proper form.[1] He filed a response to the summary judgment motion in which he did the following:

(1) Attached EEO–1 Employer Information Reports which Circle K had submitted to the EEOC over a seven-year period and which raised an inference that defendant underemployed blacks.

(2) Reiterated statements made in his unverified complaint, which were based on his personal knowledge, including one by defendant Campau, Circle K's area director, who stated to him, "Why don't you get out and get a job? Your kind will get no free rides around here." Rec., vol. III, at 894.

(3) Attached a decision of the Appeal Tribunal of the New Mexico Employment Security Department in which it

---

1. We note that Jaxon had affirmed the truth of the allegations in his complaint while under oath during his deposition, rec., vol. V, Jaxon dep. at 124, although he did not point this fact out to the judge. A verified pleading may itself be treated as an affidavit if the facts asserted are within the pleader's personal knowledge. *See Davis v. Zahradnick,* 600 F.2d 458 (4th Cir. 1979); *see also Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir.1980).

was determined after a hearing that, *inter alia,* "the employer had no intent to comply with the [EEOC settlement] agreement," and that Jaxon was therefore justified in quitting his job. *Id.* at 912–13.

(4) Referenced the Vlahos deposition which, viewed most favorably to Jaxon, supports an inference that Gomez was giving Jaxon bad employment references in retaliation for the filing of the first EEOC charge against Circle K.

(5) Attached unverified statements taken by the EEOC which tended to undermine the credibility of defendant Gomez's statement in his affidavit that he was unaware of the EEOC charge when he talked with Mr. Vlahos.[2]

Thus Jaxon was clearly diligent in his pro se efforts to respond to defendants' motions.

It is also clear from his response and from the transcript of the summary judgment hearing that Jaxon did not understand the need to submit affidavits countering what defendants had stated in their affidavits, and that he mistakenly believed the EEOC interviews were admissible. Rec., vol. III, at 954; *id.,* vol. IV, at 32, 44–50. Moreover, he stated to the court that he had not attempted to obtain affidavits from Circle K employees because he had been told by defense counsel not to contact them, and he implied that he had no money with which to take depositions.[3] *Id.,* vol. IV, at 46. When Jaxon realized during the hearing that he had to file affidavits, he tried to request a chance to comply, but the court refused. *Id.* at 50–51. Jaxon raises as an issue on appeal this failure to grant a continuance.

 Under these circumstances, we conclude that the district court's failure to

grant Jaxon additional time to obtain affidavits or to verify his complaint requires reversal of the summary judgment against him.

"The rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits.

"District courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings."

*Garaux v. Pulley,* 739 F.2d 437, 439 (9th Cir.1984). Once he understood the requirements, Jaxon indicated a need for additional time to put his response in proper form. The district court abused its discretion by failing to give Jaxon "a meaningful opportunity to remedy the obvious defects in his summary judgment materials." *See Barker v. Norman,* 651 F.2d 1107, 1128–29 (5th Cir.1981); *cf. Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982) (pro se prisoner in civil rights case must have notice of the requirements and reasonable opportunity to submit counteraffidavits); *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975) (same); *Hudson v. Hardy,* 412 F.2d 1091, 1094–95 (D.C.Cir.1968) (same). We therefore reverse the entry of summary judgment in favor of defendant Circle K and its defendant employees.

 The record contains no support in any form, however, for Jaxon's conspiracy claim against the EEOC. Accordingly, we affirm the dismissal of that defendant. We also agree with the district court that Jaxon failed to establish the prerequisites for a class action, *see* Fed.R.Civ.P. 23(a), and therefore we affirm the denial of class certification.

---

**2.** Credibility disputes are particularly inappropriate for summary judgment disposition, especially those involving the affidavit of an interested party concerning facts known only to him. *Madison v. Deseret Livestock Co.,* 574 F.2d 1027, 1037 (10th Cir.1978).

**3.** When he filed his complaint, Jaxon asked for appointed counsel. The district court clerk informed him that there were no funds for such an appointment and gave him a list of lawyers who might take his case. He contacted the lawyers on the list but was unable to obtain counsel because he could not pay a retainer.

The judgment is affirmed in part, reversed in part, and remanded for further proceedings on the motion for summary judgment.