930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Elvira CALLINS, as Personal Representative of the Survivors
of John D. Callins, and the Estate of John D.
Callins, Plaintiff-Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GREER,
OKLAHOMA, City of Mangum, Oklahoma, Alfred Rogers,
Jimmy E. Lipton, and persons unknown,
Defendants-Appellees.
 No. 90-6190.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Elvira Callins brought this action under 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec. 1985(3) to redress the death of her husband John D. Callins (decedent), who died while incarcerated in the city-county jail in Mangum, Oklahoma. Plaintiff named as defendants Greer County, Oklahoma, the City of Mangum, the sheriff of Greer County, and the Mangum chief of police. The district court granted summary judgment in defendants' favor, and this appeal followed.
 
 
 3
 This court reviews the grant of summary judgment under the same standard applied by the trial court. Osgood v. State Farm Mut.Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). "Summary judgment shall be rendered forthwith if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The evidence in the record must be viewed in the light most favorable to the party opposing summary judgment. Lucas v. Mountain States Tel. & Tel., 909 F.2d 419, 420 (10th Cir.1990).
 
 
 4
 The facts pertinent to this appeal are undisputed. Decedent was arrested on June 3, 1987, for driving under the influence of alcohol and driving while his license was suspended. He was incarcerated in the city-county jail located in Mangum. Initially, decedent was housed on the first floor of the jail. However, on June 12, 1987, he was moved to the second floor of the jail in a three cell block with a common area open to all the cells. Housed with decedent were two other prisoners--one awaiting trial on rape and murder charges and another awaiting trial for arson.
 
 
 5
 During the early morning hours of June 16, 1987, a loud banging sound was heard coming from the second floor cells. A Mangum police officer on duty was summoned to return to the jail and investigate the noise. When the officer arrived, he went upstairs and found the decedent lying semiconscious in the common area of the cell block with a bleeding head injury. How the injury was inflicted upon decedent is unknown. See Rec.Vol. I, doc. 61 at 2 n. 1 (discussing the conflicting evidence regarding whether the injury was self-inflicted or caused by the actions of others). Decedent was transferred to the Mangum Hospital. As a result of his injury, decedent was rendered a paraplegic. Decedent was intermittently hospitalized until his death on March 26, 1989.
 
 
 6
 I. Liability of Greer County and City of Mangum under Section 1983
 
 
 7
 It is well established that a county or municipality may be held liable under section 1983 only when the constitutional deprivation at issue was undertaken pursuant to a "custom" or "policy" of a county or municipality and not simply on the basis of respondeat superior. See City of St. Louis v. Praprotnik, 485 U.S. 112, 125 n. 2 (1988); Pembaur v. City of Cincinnati, 475 U.S. 469, 478-80 (1986). In this case, the district court, in granting summary judgment in favor of Greer County and the City of Mangum on plaintiff's section 1983 claim, held that plaintiff failed to prove that any act or omission with respect to decedent was caused by the execution of some "policy" or "custom" of Greer County or the City of Mangum.
 
 
 8
 On appeal, plaintiff has failed to even demonstrate some recognition of any theory of county or municipal liability under section 1983 let alone articulate some arguable basis for undoing the district court's determination. Specifically, plaintiff has not identified any actions by lawmakers for Greer County or the City of Mangum which sanctioned or authorized the manner in which decedent was incarcerated in the city-county jail. Pembaur, 475 U.S. at 480 ("recovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'--that is, acts which the municipality has officially sanctioned or ordered."). Furthermore, plaintiff has not demonstrated that the injuries to decedent were the result of some pervasive county or city custom. Praprotnik, 485 U.S. at 127 (to prove section 1983 liability based on custom, plaintiff must establish a widespread practice that, "although not authorized by written law or express municipal policy, it is so permanent and well settled as to constitute custom or usage with the force of law.").
 
 
 9
 In her appellate brief, plaintiff describes the sheriff and the chief of police as "policymakers." See Brief of Appellant, pp. 5-6. By characterizing the sheriff and the chief of police in such a manner, plaintiff has inadvertently raised the individual policymaker route to municipal liability which has been the subject of the two recent Supreme Court decisions. Praprotnik, 485 U.S. at 123; Pembaur, 475 U.S. at 481-84. In these cases, the Court concluded that municipal liability may be imposed for a decision or action of a municipal policymaker, where that decisionmaker possesses "final authority" to establish municipal policy with respect to the action ordered. Praprotnik, 485 U.S. at 127; Pembaur, 475 U.S. at 481-84. In this case, however, even assuming that the sheriff and the chief of police had final policymaking authority concerning the manner in which people were confined at the city-county jail, plaintiff has failed to identify an existing policy, proclamation, or edict attributable to the sheriff or chief of police, the implementation of which resulted in decedent's injuries. The absence of such a link between decedent's injuries and any acts or decisions of the sheriff or the chief of police precludes the imposition of municipal liability based on final policymaking authority. Cf. City of Okla. City v. Tuttle, 471 U.S. 808, 823 (1985) (there must be an "affirmative link" between the policy and a particular constitutional violation alleged).
 
 
 10
 II. Liability of Sheriff and Chief of Police under Section 1983
 
 
 11
 Plaintiff did not make any allegation or present any evidence indicating that the sheriff or the chief of police were directly involved in injuring decedent. Rather, plaintiff's position is that these defendants are liable as supervisors because they acquiesced in actions that resulted in decedent's injury. The district court, in granting summary judgment in favor of the sheriff and the chief of police, concluded that plaintiff failed to establish any basis for supervisory liability.
 
 
 12
 This court has addressed the limits of supervisory liability under section 1983 on a number of occasions. Under the law of this circuit, "[a] supervisor is not liable under section 1983 unless an 'affirmative link' exists between the [constitutional] deprivation and either the supervisor's 'personal participation, his exercise of control or direction, or his failure to supervise.' " Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir.1988) (quoting Specht v. Jensen, 832 F.2d 1516, 1524 (10th Cir.1987), reh'g en banc granted on other grounds, and judgment, but not opinion, vacated, 837 F.2d 940 (1988)); see also Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir.1990); D.T. by M.T. v. Independent School Dist. No. 16, 894 F.2d 1176, 1187 (10th Cir.), cert. denied, 111 S.Ct. 213 (1990). To be liable, a supervisor must have "participated or acquiesced in the constitutional deprivations of which the complaint is made." Kite v. Kelley, 546 F.2d 334, 337 (10th Cir.1976). Thus, this court has held that a sheriff responsible under state law for the proper management of the jail in his county "is accountable in a Sec. 1983 action whenever ... [he] knew or should have known of the misconduct, and yet failed to prevent future harm." Anthony v. Baker, 767 F.2d 657, 666 (10th Cir.1985).
 
 
 13
 In this case, plaintiff argues that the sheriff and the chief of police each had responsibility for the administration of the city-county jail and each had knowledge of and acquiesced in the moving of decedent to the second floor cell block. It is significant that plaintiff's claim against the sheriff and the chief of police is being assessed in the context of a summary judgment. Under these circumstances, the question is not whether the plaintiff will ultimately prevail on her claim. Rather, the inquiry is whether plaintiff presented sufficient evidence which, if believed, could support an inference that the sheriff or the chief of police knew of and acquiesced in the manner in which decedent was incarcerated in the city-county jail. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case...."). Plaintiff's evidence must have been such that a reasonable jury could have returned a verdict for her. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 14
 Plaintiff, however, as the district court held, merely makes the conclusory allegation that the sheriff and the chief of police were aware of the manner in which decedent was incarcerated. Plaintiff has not pointed to any specific evidence that indicates that the sheriff and the chief of police acquiesced in or knew of or should have known of the conditions under which decedent was held in the city-county jail. In the absence of such evidence, plaintiff's claim against the sheriff and the chief of police as supervisors can only be characterized as rooted in speculation. This is insufficient for plaintiff to overcome summary judgment in favor of the sheriff and the chief of police. Conaway v. Smith, 853 F.2d 789, 794 (10th Cir.1988) (to defeat summary judgment, "a party cannot rest on ... speculation, or on suspicion").
 
 III. Section 1985(3) claim
 
 15
 An essential element of a claim under section 1985(3) is proof of a "conspiracy." Plaintiff must show a meeting of the minds among various defendants to violate his constitutional rights. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).
 
 
 16
 Here, plaintiff, as the district court held, completely fails to support her section 1985(3) allegations with any colorable evidence of a "conspiracy." Nowhere in her appellate brief does plaintiff point to any evidence, circumstantial or otherwise, which could convince a jury that there was any agreement among the various defendants. Therefore, summary judgment against plaintiff under section 1985(3) was appropriate. See, e.g., Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir.1985) (summary judgment proper where record contains no support in any form for section 1985 conspiracy claim); see also Caldeira v. County of Kauai, 866 F.2d 1175, 1181 (9th Cir.) (summary judgment in favor of defendant affirmed because plaintiff's "conspiracy allegations were unsupported by any evidence ... that would convince a 'fair-minded jury' to find in his favor."), cert. denied, 110 S.Ct. 69 (1989).
 
 
 17
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3