52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark Stephen MERILA, Plaintiff-Appellant,
v.
Anthony JOHNSON, individually and as a Lieutenant at the
Utah State Prison; Dennis Gordon, individually
and as an Officer at the Utah State
Prison, Defendants-Appellees.
 No. 94-4202.
(D.C. No. 92-CV-172)
 United States Court of Appeals, Tenth Circuit.
 April 11, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Plaintiff Mark Stephen Merila, appearing pro se, appeals the district court's entry of summary judgment against him in his 42 U.S.C.1983 action. We have jurisdiction under 28 U.S.C. 1291, and we reverse.
 
 
 2
 On February 26, 1992 Plaintiff filed a 1983 action against Defendants for alleged Fifth, Eighth, and Fourteenth Amendment violations arising from an incident in September 1991 in which Defendants refused to administer a confirmation test after a urinalysis test detected LSD in Plaintiff's system. Defendants moved for summary judgment, and attached sworn affidavits in support of their motion. Plaintiff submitted an "Affidavit in Support of Opposition to Defendants' Motion for Summary Judgment." However, the affidavit was unsworn, and did not contain a declaration that the statements made therein were offered under the penalty of perjury.
 
 
 3
 On May 12, 1994 the district court adopted the magistrate's report and recommendation and entered summary judgment against Plaintiff, finding that Plaintiff had failed to carry his burden of showing that a material issue of fact remained for trial. Specifically, the district court ruled that Plaintiff's affidavit did "not contain a sworn affidavit or declaration that the statements made therein are offered under the penalty of perjury." Consequently, the district court concluded that "the Defendants' facts must be taken as true" and entered summary judgment against Plaintiff. This appeal followed.
 
 
 4
 On appeal, Plaintiff argues the district court should have advised him that his affidavit did not conform to the requirements of Fed.R.Civ.P. 56(e), and given him the opportunity to resubmit his affidavit in the proper form. We agree.
 
 
 5
 "We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir.1995). "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). " 'District courts must take care to insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.' " Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir.1985) (quoting Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir.1984)); see also Hall, 935 F.2d at 1111. Thus, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings," Hall, 935 F.2d at 1110 n. 3, including the opportunity to resubmit affidavits to conform with Fed.R.Civ.P. 56(e). See Jaxon, 773 F.2d at 1140 (reversing summary judgment where district court refused to permit pro se litigant to resubmit affidavit to conform with Rule 56(e)).
 
 
 6
 With these principles in mind, we believe the district court abused its discretion by failing to give Plaintiff the opportunity to resubmit his affidavit in the proper form. See id. ("The district court abused its discretion by failing to give Jaxon a meaningful opportunity to remedy the obvious defects in his summary judgment materials.") (quotations omitted). We therefore REVERSE and REMAND to the district court with instructions to: (1) reopen proceedings on Defendants' motion for summary judgment, and (2) give Plaintiff an opportunity to resubmit his affidavit in the form required under Rule 56(e).[3]
 
 
 7
 REVERSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 We express no opinion as to how the district court should rule on Defendants' motion for summary judgment after it reopens summary judgment proceedings
 On March 28, 1995, Plaintiff filed a document that appears to be a motion, styled "Affidavit Rule 28(j) F.R.C.P." seeking appointment of counsel on appeal and a copy of the record on appeal. We deny Plaintiff's motions for appointment of counsel on appeal and for a copy of the record on appeal.