**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

EMANUEL E. GOINES,

     Plaintiff - Appellant,

vs.

MIKE HILL, Sheriff of Sedgwick
County,

     Defendant - Appellee.

No. 97-3135
(D.C. No. 96-CV-3016)
(D.Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, KELLY, and HENRY, Circuit Judges.[**]

     Plaintiff Emanuel E. Goines, appearing pro se, appeals the district court's order granting summary judgment in favor of defendant Mike Hill in this § 1983 action. Mr. Goines alleges he received inadequate medical care while an inmate at the Sedgwick County Jail. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Defendant's Martinez report may not be used to resolve factual disputes. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). Thus, we treat the statement of facts presented in Mr. Goines's verified complaint as true for purposes of this motion, and construe those facts and inferences reasonably made from them in the light most favorable to Mr. Goines. See Jaxon v. Circle K Corp., 773 F.2d 1138, 1139 n.1 (10th Cir. 1985).

Our review of the record indicates the district court properly held that Mr. Goines's claim of constitutionally inadequate medical treatment is insufficient as a matter of law. The prostate infection plaintiff suffered from does constitute a serious medical need; however, Mr. Goines failed to present any specific facts which would indicate defendant was deliberately indifferent to his need for treatment. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Further, the undisputed information in the Martinez report suggests repeated treatment. At best, Mr. Goines's claims that the medical staff prescribed ineffective and generic medications, see I R. doc. 2 at 5, indicate mere disagreement with the nature of

the care provided or the course of treatment prescribed, which does not rise to the level of deliberate indifference.  See Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992).

The judgment of the district court is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge