**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PHILLIP MARTIN,

        Plaintiff - Appellant,

v.

MARY PUNCHES, RICK L.
CULLINS, JOEL POTTS, TOM
RATZILOFF, JOE OWENS, MARTIN
CONWAY, JOHN BROWN,
WENDELL BLACKEBY, NANCY
KLIEWER, JOE IKE, DOLORES
RAMSEY, ALLEN EVERET,

        Defendants - Appellees.

No. 98-6315

(W.D. Oklahoma)

(D.C. No. CIV-97-1529-T)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Phillip Martin, an Oklahoma inmate appearing pro se and in forma pauperis (IFP), filed this 42 U.S.C. § 1983 civil rights action against certain personnel of the Oklahoma Department of Corrections. Martin appeals the district court's dismissal of his action as outside the statute of limitations. He contends that the limitations period should have been tolled during the period he was housed in a Texas prison facility which lacked the resources required for researching and filing a case in Oklahoma. For the reasons stated below, we affirm.

**BACKGROUND**

According to Martin's pleadings, on March 27, 1995, he was an inmate working as a clerk in the law library at the William S. Key Correctional Center, when five inmates sought his assistance in writing affidavits regarding an incident of excessive force against another inmate which the five had witnessed. At some point, the law librarian requested Martin to return to the case he was working on, and apparently Martin returned to his work as instructed. On March 30, 1995, Martin and some of the inmates who signed affidavits were placed in restrictive housing, pending an investigation of a "group disturbance." Eventually, Martin was charged and on April 7, 1995, he was found guilty of the offense of group

-2-

disturbance consisting of "band[ing] together with other inmates to coerce official action against a staff member by pressuring other inmates into making statements and affidavits." R. Vol. I, Doc. 23, Attach. E, F. Consequently, Martin was placed in disciplinary segregation for thirty days, 250 earned credits were taken away, and he was fined $10.00.[1] Martin exhausted his administrative remedies, with the final administrative appeal being denied on June 1, 1995.

Meanwhile, on May 5, Martin was transferred to the Dick Conner Correctional Center. Later, on November 22, 1995, he was transferred to the Joseph Harp Correctional Center. On January 8, 1996, he was transferred to the Limestone County Detention Center in Groesbeck, Texas (the "Texas facility"), where he remained for almost nineteen months, until July 27, 1997, when he was transferred to the Great Plains Correctional Facility in Oklahoma. R. Vol. I, Doc. 23, Attach. A; Appellee's Br. at 1. On September 22, 1997, he filed his § 1983 complaint in the Western District Of Oklahoma, alleging that the defendants violated his rights of due process, equal protection, and access to the courts. Specifically, he contends that there was no evidence upon which to base the disciplinary action finding that he had pressured inmates into writing the affidavits, and he asserts that his good time credits were taken away and his

---

[1]His earned credit level was also reduced from 2 to 1, and his security level was increased.

security level increased in violation of due process.[2] He also asserts that his due process rights were violated when the law librarian stopped him from assisting other inmates, and that defendants have repeatedly interfered with or impeded his access to the courts. Finally, he alleged that his filing was late because of inadequate library resources at the Texas facility.

As ordered by the magistrate judge, defendants filed a report detailing their review of the events surrounding the complaint.[3] Simultaneously with the filing of their report, the defendants moved for dismissal or for summary judgment. In addition to raising several substantive defenses to Martin's claim, they contended that the complaint was time-barred as outside the two year statute of limitations which applies to § 1983 actions in Oklahoma.

In her Report and Recommendation (Recommendation), the magistrate judge noted that Martin had failed to respond to the defendants' motion and that, therefore, under local rule 7.1(e), its contentions could be taken as confessed.[4] R.

---

[2]Martin does not seek restoration of the credits; rather, he seeks damages and declaratory relief.

[3]In fact, the defendants' incident report does not substantially differ from Martin's recitation of the events that transpired in the library. R. Vol. I, Doc. 23, Attach. D.

[4]Our review of the record indicates that the magistrate judge was mistaken. Martin filed an extensive and timely response. R. Vol. I, Doc. 26 (placed in prison mail on Feb. 10, 1998, and court-stamped Feb. 11, 1998). However, the magistrate judge may have been mislead by the docket entry which incorrectly

(continued...)

Vol. I, Doc. 52 at 1. The magistrate judge then considered the defendants'

arguments, finding that, at the latest, the statute of limitations began to run on

June 1, 1995, when Martin's administrative remedies were exhausted. Id. Doc. 52

at 2. Noting that Oklahoma has a two year statute of limitations for § 1983

actions, the magistrate judge concluded that Martin's action was time-barred. Id.

Doc. 52 at 3. In reaching this conclusion, the magistrate judge found that

1) Martin's allegation in his complaint regarding the deficiencies at the Texas

facility was too vague and conclusory to establish a basis for tolling; 2) Martin's

filings indicated that, in November 1996, Martin had requested, and the district

court clerk had sent him, copies of the federal rules that govern the Western

District of Oklahoma, as well as a copy of the civil complaint form; and 3) Martin

did "not even claim to have been at Limestone during the entire limitation

period."[5] Id. Martin's extensive objections to the Recommendation repeated

previous allegations, raised new legal arguments, and also specifically noted his

prior timely response. Id. Doc. 53 at 3.

---

[4](...continued)
identified the filing as "Objections . . . to Order"" rather than "Objection to Special Report," and we observe that Martin's multiple headings and misuse of the term "Motion" likely contributed to the confusion.

[5]Although Martin does not make such an affirmative claim, we note that the defendants' report establishes that he was at the Texas facility for nineteen months, from January 1996, to July 1997, and, thus, that he did not return to Oklahoma until more than a month after the limitations period expired. R. Vol. I, Doc. 23, Attach. A.

Upon de novo review, the district court addressed and rejected the first of Martin's legal arguments. However, the court failed to note Martin's allegation regarding his prior response, and it also noted that the defendants' motion could be deemed confessed. Thus, the district court agreed with the magistrate judge's conclusion that the complaint had been untimely filed. Adopting the Recommendation, the court dismissed the complaint. Martin then brought this appeal, stating that the defendants' motion could not be deemed confessed, and repeating the legal arguments which the district court had not considered.

**DISCUSSION**

We review de novo the district court's dismissal of a complaint based upon statute of limitations grounds. Sterlin v. Biomune Systems, 154 F.3d 1191, 1194 (10th Cir. 1998). "In conducting our review, we accept all well-pleaded allegations in the Complaint as true and construe them in the light most favorable to Plaintiff." Id. at 1195. Additionally, we construe a plaintiff's pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The statute of limitations for § 1983 actions is the forum state's statute for personal injury actions. Wilson v. Garcia, 461 U.S. 261, 276 (1985); see also Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988). In Oklahoma, that limitations period is two years. Okla. Stat. tit. 12, § 95(3).

-6-

As noted, in this case, both the magistrate judge and the district court ruled on the basis of the complaint alone, assuming Martin's confession to defendants' motion under local rules. We agree the vague and conclusory allegation in Martin's complaint failed to establish a basis for equitable tolling. However, Martin is correct in asserting that our inquiry should not end with the complaint; we must also review his properly filed response to defendants' motion, in which he more fully expounded his claims regarding access and tolling.[6] A careful review of Martin's response indicates several particular allegations regarding the deficiencies at the Texas facility. First, Martin disputed that the library had adequate materials regarding Oklahoma law, and he attached several exhibits which demonstrate his unsuccessful efforts to obtain requested materials.[7] R. Vol. I, Doc. 26 at 15 & Attachments. Second, he alleged that he had been unable to obtain proper information regarding his prison accounts so as to enable him to comply with fee requirements, and he attached exhibits demonstrating his unsuccessful attempts. Id.

Even if we accept all Martin's additional allegations as true, and construe them in the light most favorable to him, he still does not establish a basis for

---

[6]We note that Martin's responsive submission was made under verification, and therefore it meets the requirements of a sworn statement under Rule 56. See Jaxon v. Circle K Corp., 773 F.2d 1138, 1139 n. 1 (10th Cir.1985).

[7]Apparently, at least during some of the period, Martin was in segregation and unable to visit the library himself.

equitable tolling. He has not claimed that he was unable to visit the library during the entire period he was at the Texas facility, nor do his exhibits support such a conclusion. Moreover, inasmuch as a § 1983 complaint depends on federal law, the Texas facility's alleged lack of Oklahoma materials is irrelevant.[8] Finally, inasmuch as Martin made no attempt to file a timely complaint in the federal district court for Oklahoma, he has not established that he was actually injured by the Texas facility's alleged failure to provide proper IFP documentation.

Additionally, we find no merit to the legal arguments which Martin complains the district court failed to consider. Thus, Martin misreads Okla. Stat. tit. 12, § 98, which provides for the tolling of the limitations period on a cause of action against a person who is out of state. Properly construed, that section does not affect Martin's action which is against Oklahoma corrections officials, who, presumably, were in the state during the relevant period. Nor does the defendants' alleged attempt to conceal the facts surrounding the original incident constitute a basis for tolling, since Martin always had knowledge of the acts about which he complains.

_____

[8]We also observe that Martin's complaint in large part repeats the claims he made during the administrative appeals process, including his allegations of the denial of his Constitutional rights. Accordingly, it is apparent that Martin possessed the necessary information to draft a proper complaint throughout the limitations period.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge