**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY DARNELL SIMS,

   Plaintiff - Appellee,

 v.

DEPUTY SCHAAD,

   Defendant - Appellant,

 and

JOHN W. ANDERSON, Sheriff;
DEPUTY BEARGA; R. JOHNSON,
Deputy; MARK MILLER, Deputy;
SERGEANT ZAIN; CAPTAIN
SANTIAGO; DEPUTY
CHRISTENSEN,

   Defendants.

No. 98-1476

(D. Colorado)

(D.C. No. 96-Z-141)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Larry Darnell Sims is a Colorado state prisoner incarcerated at the Arrowhead Correctional Facility. Prior to his placement at the Arrowhead facility, he was incarcerated at the El Paso County Criminal Justice Center (CJC). Proceeding pro se,[1] Sims brought this 42 U.S.C. § 1983 action, alleging that defendants, as employees of the CJC or of the El Paso County Sheriff's Department, violated his federal constitutional rights under the Eighth and Fourteenth Amendments. Defendants moved for summary judgment, claiming qualified immunity or lack of personal involvement. The district court granted the motion as to all claims and defendants, except as to Deputy Schaad. Schaad now appeals from the district court's denial of his motion for summary judgment. He contends that the district court erred in failing to find that he was entitled to qualified immunity as a matter of law. We affirm in part and dismiss in part.

---

[1]After Sims filed his verified complaint, the district court sought volunteer counsel for Sims, and eventually volunteers were appointed. The volunteer counsel have represented Sims in all subsequent proceedings and pleadings.

## BACKGROUND

In his verified complaint, Sims alleges that, on October 19, 1995, while he was incarcerated at the CJC on ward 2-D-2, he was attacked in his cell, severely beaten, and almost killed by inmate Javan Gadlin. He also alleges that, prior to the attack, he had informed Schaad, who was the deputy on duty, that "all day that morning and afternoon," "Gadlin had been making threats to do him serious harm." Appellee's Br., Ex. 1 at 2. According to the complaint, "Schaad did nothing but say to inmate Sims in the way of 'I am busy or something.'" Id. Then, despite the warning, Schaad left the ward for more than three hours, "only . . . return[ing] to check on the status of the cell doors, to see if they were either open or closed." Id. Sims further complained that, during the period the attack was actually occurring, "Schaad [failed] to investigate the crowd in front of [Sims'] cell." Id. at 3. Schaad denies having been informed of the threats. Appellant's App. at 178.

After the summary judgment motion and response were filed, the matter was referred to a magistrate judge who recommended dismissal of all claims and defendants except the above-stated claim against Schaad for the Eighth Amendment violation. Id. at 214-22. Noting Sims' claim that he had informed Schaad of the threats, but Schaad did nothing to protect Sims from those known threats, the magistrate judge concluded that Schaad was not entitled to qualified

immunity at the summary judgment stage. Id. at 218. Defendants filed a "Notice of Appeal" of the magistrate judge's order as to Schaad. They argued that the magistrate judge erred in considering the conclusory allegations of the complaint as sufficient to establish the fact of notice to Schaad. Additionally, the defendants contended that even if Schaad had been notified of the threat, the conditions did not pose a substantial risk of serious harm, and, at most, the facts demonstrated negligence rather than deliberate indifference. Upon de novo review, the district court adopted the magistrate judge's recommendation. Schaad then brought this appeal.

## DISCUSSION

Qualified immunity generally shields public officials from suit if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Foote v. Spiegel, 118 F.3d 1416, 1424 (10th Cir. 1997). Once a defendant raises a qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant's actions violated a clearly established constitutional right. See Guffey v. Wyatt, 18 F.3d 869, 871 (10th Cir. 1994); see also Siegert v. Gilley, 500 U.S. 226, 232 (1991).

The law regarding Sims' Eighth Amendment claim was clearly established at the time of the alleged actions. Farmer v. Brennan, 511 U.S. 825, 833 (1994) (noting that the Eighth Amendment imposes a duty upon prison officials to protect prisoners in custody from violence at the hands of other prisoners); Northington v. Marin, 102 F.3d 1564, 1567-68 (10th Cir. 1996); Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996). However, not every injury caused to one inmate by another inmate results in Eighth Amendment liability for prison officials responsible for the inmates' safety. Farmer, 511 U.S. at 834. In order to prove an Eighth Amendment violation, the plaintiff must establish that "(1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) prison officials acted with a sufficiently culpable state of mind, known as 'deliberate indifference.'" Grimsley, 93 F.3d at 681 (citing Farmer, 511 U.S. at 834).

We review de novo the district court's ruling on summary judgment. Taylor v. Meacham, 82 F.3d 1556, 1559 (10th Cir. 1996). As an initial matter, we must determine whether Schaad may bring this interlocutory appeal of the denial of summary judgment on the issue of qualified immunity. Under the standard set forth in Johnson v. Jones, 515 U.S. 304 (1995), and Behrens v. Pelletier, 516 U.S. 299 (1996), if the district court determined that the law allegedly violated by the defendant was clearly established at the time of the challenged actions, that ruling

is immediately appealable.  Similarly, a determination that the facts taken in the light most favorable to the nonmoving party demonstrate a violation of clearly established law is also immediately appealable.  See Behrens, 516 U.S. at 313; Johnson, 515 U.S. at 312-14; Foote, 118 F.3d at 1422.  However, to the extent the district court's order decides nothing more than whether the evidence could support a finding that particular conduct occurred, government officials cannot bring an interlocutory appeal of a pretrial denial of qualified immunity.  See Behrens, 516 U.S. at 313.

Schaad does not contend that the law was not clearly established.  Rather, he complains that the district court erred (1) by failing to address whether the alleged facts establish conditions of incarceration which pose a substantial risk of serious harm; and (2) by finding that a genuine issue of material fact precluded summary judgment on the issue of whether his conduct violated clearly established law.[2]

---

[2]In part, Schaad attempts to frame this second issue as a purely legal question, arguing that the alleged facts do not establish a constitutional violation. Thus, he contends that an Eighth Amendment violation can be found only if there are repeated warnings, and that, as a matter of law, Sims' allegation that he told Schaad about the threats to his safety (presumably only once) is insufficient to establish a sufficiently culpable state of mind.  Since the critical issue is whether a defendant was subjectively aware of a risk of serious harm, Farmer, 511 U.S. at 837, we find no merit in Schaad's assertion that, on this record, Sims' claim can be resolved on the sufficiency of the pleadings as a matter of law.  See note 3, infra.

Significantly, the second claim of error involves the district court's determination that the evidence could support a particular finding.[3] Under Behrens and Johnson, the district court's order as to the sufficiency of that evidence at the summary judgment stage is unreviewable. Foote, 118 F.3d at 1422 ("An order denying qualified immunity on summary judgment is not appealable if it merely determines the facts asserted by the plaintiff are sufficiently supported by evidence in the record to survive summary judgment."). Accordingly, we have jurisdiction under 28 U.S.C. § 1291 to review the district court's determination that the conditions alleged posed a substantial risk of serious harm. We lack jurisdiction, however, to the extent that Schaad seeks interlocutory review of the district court's ruling that genuine disputes of fact precluded summary judgment based on qualified immunity. We therefore dismiss that portion of Schaad's appeal for lack of jurisdiction.

Following its de novo review of the magistrate judge's recommendation, the district court found that "[t]he statement made by plaintiff to the defendant is

---

[3]Schaad's argument focuses primarily on Sims' factual allegations and upon his own efforts to dispute and dismiss them. Thus, he denies any knowledge of the risk, and he argues that the "conclusory" allegations of the complaint were inadmissible for summary judgment purposes. Because a verified pleading may be treated as an affidavit if the facts alleged are within the pleader's personal knowledge, see Jaxon v. Circle K Corp., 773 F.2d 1138, 1139 n. 1 (10th Cir. 1985), the district court did not err in considering the complaint as responsive to the summary judgment motion.

sufficient evidence to show that plaintiff was incarcerated under conditions posing a substantial risk of serious harm. Further, there are allegations by plaintiff that defendant Schaad was deliberately indifferent to plaintiff's request for protection." Appellant's Br., Ex. 2 at 2-3. Relying on Grimsley, 93 F.3d at 681-82, Schaad apparently argues that, as a matter of law, Sims failed to allege facts which demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm.[4] Although Schaad correctly cites Grimsley for its conclusion that the conditions at issue there did not pose a substantial risk of serious harm, "notwithstanding the fact that an inmate . . . succeeded in inflicting injury upon [the plaintiff]," id. at 683, Grimsley is easily distinguished on its facts. Significantly, Grimsley involved an injury to an inmate who was "securely locked [behind a steel door] by himself in a maximum security cell." Id. By contrast, Sims was in an open ward where Gadlin and other inmates could gain free access to his cell.[5] Given Sims' allegation that he advised Schaad of the repeated threats of serious harm from Gadlin, and viewing that evidence in the light most favorable to Sims, we find no error in the district court's conclusion

---

[4]Overlooking the district court's express finding, Schaad also argues that the district court erred by wholly failing to address this element. Appellant's Br. at 11-13.

[5]Schaad also asserts that Sims put himself in harm's way. However, that assertion relies on facts and conclusions which are not necessarily clear from the present record.

that the conditions alleged posed a substantial risk of serious harm. Farmer, 511 U.S. at 833 ("having stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course").

AFFIRMED in part and DISMISSED in part.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge