**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANCISCO GONZALEZ-
LIRANZA,

Plaintiff-Appellant,

v.

JOHNNY NARANJO, Sgt.,

Defendant-Appellee.

No. 99-2302
(D.C. No. CIV-98-997-JP)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Gonzalez was injured when he was attacked by other inmates while a pretrial detainee in the Bernalillo County Detention Center. He filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging constitutional violations against Sargeant Naranjo, who was a correctional officer at the facility, as well as against the facility administrator and the facility itself. In his verified complaint, Mr. Gonzalez alleged that he asked Sargeant Naranjo to move him out of the section in which he was housed because he was having problems with other inmates and feared for his safety. He alleged that Sargeant Naranjo took no action other than to respond that if Mr. Gonzalez did not want problems he should have stayed in Cuba. Mr. Gonzalez further alleged that about one hour later, as another officer advised him to check into protective detention, he was attacked by fifteen or twenty other inmates and beaten with broom and mop handles. He suffered a serious eye injury, and alleges that as a result he cannot see out of that eye and has severe headaches. He alleged that his constitutional rights were violated when Sargeant Naranjo failed to take prompt measures to ensure his safety after having notice that he was in danger.

The district court sua sponte dismissed the claims against all defendants except Sargeant Naranjo,[1] who moved for summary judgment. The court ordered the preparation of a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th

---

[1] Mr. Gonzalez does not pursue these claims on appeal.

Cir. 1978) (en banc).

Mr. Gonzalez argued in the district court that he was denied an appropriate opportunity to respond to Sargeant Naranjo's motion for summary judgment and the *Martinez* report.[2] We agree. The motion for summary judgment and accompanying memorandum were filed March 12, 1999. The order for a *Martinez* report was entered March 15. Two weeks later, Mr. Gonzalez' copy of the March 15 order was returned undelivered and the court determined that it did not have Mr. Gonzalez' current address. The court then entered a show cause order requiring Mr. Gonzalez to show why the action should not be dismissed for failure to comply with local rules.

The record further reflects that Mr. Gonzalez subsequently sent a handwritten note to the court stating that after he had heard nothing from the court or defense counsel, he became concerned and called the pro se clerk at the court to verify receipt of his change of address. The clerk informed him that no change of address had been received and further informed him that a show cause order had been entered. Although the district court thereafter vacated the show

---

[2] Although Mr. Gonzalez did not formally brief this issue on appeal, he attempted to supplement the record by submitting to this court affidavits from eyewitnesses supporting his version of the facts. Because "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we conclude that Mr. Gonzalez has impliedly raised this issue for our review.

cause order, the record does not reflect that Mr. Gonzalez ever received the motion for summary judgment, the memorandum in support, or the order directing the preparation of the *Martinez* report. These items are critical because they informed Mr. Gonzalez of the arguments he would have to be prepared to meet, and informed him that the report would be used in deciding whether to grant summary judgment and that he should therefore submit whatever materials he wished to support his claim. Despite the fact that in his objections to the *Martinez* report Mr. Gonzalez pointed out that he had never received a copy of the summary judgment materials and would file a response after he had been served, the magistrate judge accepted the version of events set out in the report as undisputed and recommended that summary judgment be granted. In so doing, the magistrate judge faulted Mr. Gonzalez for failing to present factual evidence to controvert the summary judgment motion he had, in fact, never received. Mr. Gonzalez objected to the magistrate's report and again pointed out that he had never received defendant's material and therefore had not been given the chance to properly respond. The district court adopted the report and granted summary judgment without addressing Mr. Gonzalez's failure to receive the materials.

We conclude the district court erred in adopting the report and granting summary judgment before Mr. Gonzalez had received the summary judgment materials and the *Martinez* report and had been allowed to respond to them. *See*

*Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).

> The rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits.
>
> District courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.

*Jaxon*, 773 F.2d at 1140 (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)).  Here Mr. Gonzalez repeatedly called the court's attention to the fact that he had not received defendant's filings.  Moreover, Mr. Gonzalez clearly understood the need to submit a response to defendant's material and repeatedly requested the opportunity to do so after he had been provided that material.  The grant of summary judgment under these circumstances was improper.

Moreover, it appears to us that summary judgment may have been inappropriate in any event due to the existing conflict in the material before the district court.  Characterizing the *Martinez* report as presenting "undisputed facts," the magistrate judge stated that "[o]ther than only Plaintiff's bald assertion in the complaint, there is no evidence that Plaintiff asked to be moved."  Rec., vol. I, doc. 25 at 2, 5.  In so doing, the magistrate judge disregarded our cases addressing the function of a *Martinez* report in summary judgment proceedings.

The evidence must, of course, be viewed most favorably to the nonmoving

party. *Hall*, 935 F.2d at 1111. When, as here, a plaintiff's complaint is based on facts within his personal knowledge and has been sworn under penalty of perjury, it is to be treated as an affidavit.[3] *Id.* We have held on numerous occasions that if the facts described in a *Martinez* report conflict with those set out in such a verified complaint, summary judgment may not be granted because such a conflict creates an issue of fact. *See, e.g., Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997); *Hayes v. Marriott,* 70 F.3d 1144, 1146 (10th Cir. 1995); *Mosier v. Maynard*, 937 F.2d 1521, 1524 (10th Cir. 1991); *Hall*, 935 F.2d at 1111. The conflict here concerns the material issue of whether Sargeant Naranjo knew that Mr. Gonzalez' physical safety was threatened and failed to take appropriate action. Our review of Mr. Gonzalez' complaint and the material contained in the *Martinez* report convinces us that a factual dispute exists on this critical issue and that summary judgment was therefore not proper.

We **REVERSE** the district court's grant of summary judgment in favor of Sargeant Naranjo and **REMAND** with instructions to proceed on Mr. Gonzalez's section 1983 claim. We remind Mr. Gonzalez that he is required to continue his

---

[3] We recognize that allegations in a complaint will not create a fact issue if they are conclusory. *See Hall*, 935 F.2d at 1111. The allegations in Mr. Gonzalez' complaint, however, are specific.

partial payments of the costs and fees associated with this suit until the fees owed to the district court and to this court are fully paid.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge