**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 26, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARRIS L. LUMPKIN, individually,

Plaintiff‑Appellant,

v.

UNITED RECOVERY SYSTEMS,
L.P., formerly United Recovery
Systems, Inc.,

Defendant‑Appellee.

No. 09-5120
(D.C. No. 4:06-CV-00684-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

Plaintiff Darris L. Lumpkin, appearing pro se, appeals from the district

court's order granting summary judgment in favor of defendant United Recovery

Systems (United), and its order denying his post-judgment motions. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The parties are familiar with the facts, which are set forth in the district court's eighteen-page summary judgment order. Suffice it to say that Mr. Lumpkin worked as a debt collector for United. Following the termination of his employment, he sued United for race discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981.

In response to United's motion for summary judgment, Mr. Lumpkin, then represented by counsel, filed an amended response that exceeded the page limitation permitted by the local rule, and that also contained an unsigned affidavit from Mr. Lumpkin. In its reply, United noted both defects, but nonetheless proceeded to address the merits of its motion. Mr. Lumpkin's lawyer then filed two motions: (1) to exceed the page limitation, and (2) for permission to file a three-page sur-reply concerning judicial estoppel. The district court granted the motions.

Shortly thereafter, Mr. Lumpkin fired his lawyer because of his "unwillingness to . . . show the court the proper evidence to prove his cause . . . and [because] he submitted an unsigned and un-notarized affidavit on his behalf." Aplt. Opening Br. at 15.[1] Within a few days, Mr. Lumpkin, now appearing

---

[1] The district court considered Mr. Lumpkin's affidavit despite the fact it was unsigned because it referred to the facts alleged therein several times in its summary judgment order.

pro se,[2] filed two motions: (1) to file a surreply concerning judicial estoppel, and (2) to file an amended affidavit and exhibits in response to United's motion for summary judgment. In a minute order, the district court reiterated that it had previously granted permission to file a sur-reply and accepted the pleading. However, in a separate minute order, the court denied his motion to file a new affidavit and exhibits, noting that the new materials consisted of 131 pages. Mr. Lumpkin next filed a request for a hearing on United's summary judgment motion, which the court also denied. Eventually, the district court granted United's motion for summary judgment. Mr. Lumpkin's post-judgment motions were denied. This appeal followed.

We review a grant of summary judgment de novo, using the same legal standard applied by the district court. *Young v. Dillon Cos.*, 468 F.3d 1243, 1249 (10th Cir. 2006). Summary judgment is proper where the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In conducting our analysis, we view all of the facts in the light most favorable to the non-movant and draw all reasonable inferences from the record in favor of the non-moving party." *Young*, 468 F.3d at 1249. Concerning his claims for racial discrimination

---

[2] Mr. Lumpkin's lawyer filed a motion to withdraw, which was granted by the district court.

and retaliation, Mr. Lumpkin argues that he met his burden of proving that United's reason for terminating his employment (absenteeism and poor productivity) were pretext. As to his claim for hostile work environment, he asserts that he met his burden of demonstrating his workplace was permeated with intimidation. These arguments lack merit. We have carefully examined the parties' briefs, the record, and the district court's summary judgment order in light of the governing law. We conclude that the court correctly decided this case, and we affirm for substantially the same reasons as those thoroughly explained in its February 3, 2009, order.

Further, we find no error in the district court's order denying Mr. Lumpkin's motion to submit a new affidavit and exhibits in response to United's motion for summary judgment. Mr. Lumpkin's lawyer filed the response he deemed proper. To be sure, the district court "must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issue involved in summary judgment proceedings." *Jaxon v. Circle K Corp*., 773 F.2d 1138, 1140 (10th Cir. 1985) (quotation omitted). But these are not the facts of this case. The summary judgment response was filed by a lawyer, not Mr. Lumpkin pro se.

As to whether the district court erred in denying his request for a hearing on United's summary judgment motion, we do not consider that issue on appeal.

*See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (holding that a party who fails to support his argument with legal authority waives the point).

We review the district court's denial of Mr. Lumpkin's post-judgment motions for an abuse of discretion. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Mr. Lumpkin argues for post-judgment relief because United "misrepresented the whereabout's of [a] witness in its initial disclosures," Aplt. Opening Br. at 20, his own lawyer "violat[ed] The Oklahoma Rules of Professional Conduct and the Standards of Professionalism," *id*. at 19. We have carefully examined the parties' briefs, the record, and the controlling law, and conclude that the court correctly denied Mr. Lumpkin's motions for post-judgment relief for substantially the same reasons as those set forth in its order dated July 16, 2009.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-5-