**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

IRVIN MURRAY,

      Plaintiff-Appellant,

v.

ALBANY COUNTY BOARD OF
COUNTY COMMISSIONERS; GARY
PULS, Albany County Sheriff;
ROBERT RIDDLE, Albany County
Deputy Sheriff; JOHN BEESTON,
Albany County Deputy Sheriff;
MARTY KILLION, Albany County
Deputy Sheriff; MATTHEW HULET,
Albany County Deputy Sheriff;
DENNIS ADLER, Albany County
Deputy Sheriff; CORPORAL
MILLER, Albany County Deputy
Sheriff,

      Defendants-Appellees.

No. 99-8025
(D.C. No. 96-328-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff brought this action against the Albany County Board of County Commissioners, Sheriff Puls, and several other detention officers, claiming that they violated his First, Fifth, Eighth, and Fourteenth Amendment rights while he was incarcerated in the Albany County Detention Center.[1] The district court entered judgment for defendants and plaintiff now appeals. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

Plaintiff's claims grow out of his alleged exposure to carbon monoxide and other exhaust fumes that entered the jail through the ventilation system from county vehicles left idling in the carport of the jail. Plaintiff alleged that he complained about the fumes and also filed several grievances about them, but nothing was done. He alleged that each of the named detention officers identified the source of the fumes as exhaust from vehicles left idling in the carport. Plaintiff further alleged that he suffered severe headaches, nausea and vomiting, and fatigue as a result of his exposure to the fumes. Plaintiff contended that defendants' failure to do anything about the fumes coming into the jail demonstrated a deliberate indifference to a substantial risk of serious harm and

_____

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

-2-

that the failure of medical personnel to provide him adequate treatment for his symptoms or to test him for carbon monoxide poisoning demonstrated a deliberate indifference to his serious medical needs.

Plaintiff also alleged that defendants violated his due process rights by limiting him to one grievance form per day, by impeding his ability to make carbon copies of the grievances he filed, and by not answering his written grievances. Plaintiff further alleged that defendants retaliated against him for filing grievances about the fumes. Finally, plaintiff contended that defendants discriminated against him because he is black.

Defendants moved for summary judgment, arguing that plaintiff had no evidence that fumes actually were coming into the jail, and that he had no medical evidence that he suffered any serious injury as a result of the fumes. Defendants also argued that plaintiff's allegations were not sufficiently specific to show that defendants violated any clearly established law. Although defendants acknowledged that plaintiff alleged claims for due process violations, retaliation, and discrimination, they made no specific argument about those allegations. The district court ruled that defendants were entitled to summary judgment on his

deliberate indifference claims and that none of plaintiff's other allegations stated a claim for relief. [2]

## II.

We first consider whether the district court properly dismissed plaintiff's due process, retaliation, and discrimination claims. The legal sufficiency of a complaint is a question of law that we review de novo. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Because plaintiff proceeds in this action pro se, his pleadings are entitled to a liberal construction. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even under a liberal construction, however, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Because defendants did not challenge plaintiff's due process, retaliation, and discrimination claims in their summary judgment motion, the district court's dismissal of those claims was essentially sua sponte. The district court did not

---

[2]     It is not clear from the pleadings whether plaintiff intended to sue defendants in both their official and individual capacities, or only in their official capacities. Defendants' summary judgment motion appears to assume plaintiff alleged both individual capacity and official capacity claims, and the district court's analysis also assumes that both types of claims were alleged. Therefore, we will give plaintiff the benefit of the doubt and treat his pleadings as alleging claims against defendants in both their individual and official capacities.

grant plaintiff leave to amend any of the claims it dismissed for failure to state a claim. A district court may dismiss a pro se complaint sua sponte without permitting the plaintiff to amend the complaint only if it is clear that the amendment would be futile. *See McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

We conclude the district court properly determined that plaintiff's due process allegations failed to state a claim for relief. Plaintiff alleged that Lt. Adler violated his due process rights by failing to answer his prison grievances and that Sheriff Puls violated his rights by refusing to give him more than one grievance form a day. These allegations failed to state a claim as a matter of law because prison grievance procedures do not "give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted). The failure to respond to plaintiff's grievances did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, and there is no indication that the failure to respond inevitably affected the length of plaintiff's sentence. *See generally Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995) (discussing circumstances under which state law may create liberty interest protected by due process). We also note that plaintiff's own evidence

showed he was able to file grievances on other paper when he did not have enough forms.

Plaintiff's due process claim against defendants in their official capacities was in essence a claim against the county. *See Lopez v. LeMaster*, 172 F.3d 756, 762 (10th Cir. 1999). "[I]n order to hold a municipality liable for an employee's constitutional violations, a plaintiff must show not only that a constitutional violation occurred, but also that some municipal policy or custom was the moving force behind the violation." *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1320 (10th Cir. 1998). Because plaintiff did not show any due process violation occurred, he did not state a claim against defendants in their official capacities.

Because no constitutional right was implicated by plaintiff's allegations, the district court properly dismissed plaintiff's due process claim. Additionally, because "the allegation of other facts consistent with the challenged pleading could not possibly cure the [legal] deficiency" in plaintiff's due process claim, the district court properly dismissed the claim without leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (quotation omitted).

"We have held that [p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights. This principle applies even where the action taken in retaliation would be otherwise

-6-

permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)

(quotations and citation omitted; alteration in original). Nonetheless,

> an inmate is not inoculated from the normal conditions of
> confinement experienced by convicted felons serving time in prison
> merely because he has engaged in protected activity. Accordingly, a
> plaintiff must prove that but for the retaliatory motive, the incidents
> to which he refers . . . would not have taken place. An inmate
> claiming retaliation must allege *specific facts* showing retaliation
> because of the exercise of the prisoner's constitutional rights.

*Id.* (quotations and citation omitted).

We agree with the district court that plaintiff's retaliation claim did not

state a claim for relief. Plaintiff made no allegations suggesting that, but for

defendants' retaliatory motive, the acts of which he complained would not have

occurred. Nor did plaintiff allege that the named defendants were personally

involved in the allegedly retaliatory conduct. *See Mitchell v. Maynard*, 80 F.3d

1433, 1441 (10th Cir. 1996) (holding that a plaintiff must allege the personal

participation of the named defendants to establish liability under § 1983).

Therefore, plaintiff's allegations were insufficient to state a claim for relief

against defendants in their individual capacities. Further, because plaintiff did

not allege that the retaliation was the result of any policy or custom of the county,

he also failed to state a claim for relief against defendants in their official

capacities.

Based upon our review of the record and the appellate briefs, however, we cannot say that there are no other allegations plaintiff could make consistent with his pleadings that would cure the deficiencies in his retaliation claim. Therefore, we conclude the district court should not have dismissed plaintiff's retaliation claim without granting him leave to amend. Likewise, we conclude the district court properly dismissed plaintiff's discrimination claim for failure to state a claim, but we further conclude that this dismissal also should have been without prejudice to amend.

III.

The district court granted summary judgment to defendants on plaintiff's Eighth Amendment claims. [3] We review the grant of summary judgment de novo, applying the same legal standard as the district court under Fed. R. Civ. P. 56(c). *See Lopez* , 172 F.3d at 759. Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard,

---

[3] It is unclear from the record whether plaintiff was a pretrial detainee at the detention center or whether he had already been convicted of an offense. The Due Process Clause, rather than the Eighth Amendment, applies to constitutional claims brought by pretrial detainees. *See Lopez* , 172 F.3d at 759 n.2. The analysis of plaintiff's claims under the Due Process Clause would be identical to that under the Eighth Amendment, however, so plaintiff's actual status does not affect our analysis. *See id.*

-8-

"we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez*, 172 F.3d at 759. Because "[a] verified pleading may itself be treated as an affidavit if the facts asserted are within the pleader's personal knowledge," *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir. 1985), we treat the factual allegations in plaintiff's verified amended complaint as true and construe them in the light most favorable to plaintiff. Nonetheless, if plaintiff failed to establish the existence of an element essential to his case on which he bore the burden of proof at trial, we will determine that there was no genuine dispute over material facts. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Plaintiff first objects to the district court's grant of summary judgment on the grounds that the court did not give plaintiff notice that he needed to file affidavits and other evidentiary materials in response to defendant's summary judgment motion and that the court did not give him an opportunity to develop and present evidence in opposition to the motion. We have noted that "'[d]istrict courts must take care to ensure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings,'" and have held that under certain circumstances, the district court may abuse its discretion by failing to give the plaintiff "'a meaningful opportunity to remedy the obvious defects in his summary judgment materials.'" *Jaxon*,

773 F.2d at 1140 (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), and *Barker v. Norman*, 651 F.2d 1107, 1128-29 (5th Cir. 1981), respectively). We also have held, however, that "an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The magistrate judge entered a scheduling order on October 16, 1998, advising the parties that all discovery had to be completed by January 8, 1999, and that the deadline for defendants to file dispositive motions also was January 8, 1999. The order further provided: "The plaintiff shall serve the moving parties with responsive briefs *and affidavits* on or before January 22, 1999." R. Vol. I, Doc. 44 at 2 (emphasis added). Thereafter, plaintiff filed a motion for production of documents seeking blueprints of the jail's building systems, including the ventilation system. Defendants moved for and obtained a protective order with regard to this request, because giving plaintiff blueprints of the jail could seriously compromise its security. Plaintiff did not make any further discovery requests. Defendants made several attempts to take plaintiff's deposition, and eventually deposed him on January 7, 1999. They then filed their summary judgment motion on January 8, in accordance with the scheduling order. Plaintiff filed a response to the summary judgment motion on January 19 in which

he stated that "[w]ithout discovery it is not possible to defend this case." *Id.*, Doc. 58, Petitioners Objection to Motion for Summary Judgement [sic], at 1. Plaintiff did not indicate what further discovery was necessary, or otherwise attempt to satisfy the requirements of Rule 56(f) to obtain additional time to conduct discovery before responding to the motion. *See DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).

Thus, the court advised plaintiff early on of the need to file affidavits in response to summary judgment, it provided plaintiff ample opportunity to conduct discovery before it considered the summary judgment motion, and it had plaintiff's verified amended complaint before it when considering summary judgment. Under these circumstances, we conclude that the district court did not abuse its discretion by ruling on defendants' motion without giving plaintiff additional notice or time in which to file more materials in response to summary judgment.

Plaintiff also challenges the district court's grant of summary judgment on the ground that the court did not view the evidence in the light most favorable to plaintiff and, therefore, failed to see that there were numerous material issues of fact in dispute. Based upon our review, we conclude that even when viewed in the light most favorable to plaintiff, the evidence failed to establish a triable issue of fact on one or more elements on which plaintiff bore the burden of proof

at trial.  Therefore, the district court properly granted summary judgment for defendants.

"Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."  *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998). Plaintiff asserted that defendants violated his Eighth Amendment rights in two ways:  they failed to do anything about the ventilation problem and they failed to provide him adequate medical treatment.

> In order to hold prison officials liable for violating an inmate's right to humane conditions of confinement, two requirements must be met.  First, the deprivation alleged must be objectively sufficiently serious, depriving the inmate of the minimal civilized measure of life's necessities.  Second, the official must have a sufficiently culpable state of mind, which in this context means the official must exhibit deliberate indifference to a substantial risk of serious harm to an inmate.

*Id.* (citations and quotations omitted).  The test for deliberate indifference is a subjective one.  "It is not enough to establish that the official should have known of the risk of harm."  *Id.*  Rather, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The district court concluded that summary judgment was proper on plaintiff's claim for not fixing the ventilation system because the evidence failed to establish a triable issue of fact either as to the existence of an excessive risk of harm to plaintiff's health or safety or as to defendants' knowledge and disregard of such a risk. Because we agree that plaintiff failed to present a triable issue of fact as to whether defendants knew of and disregarded an excessive risk of harm, we need not determine whether plaintiff established a triable issue of fact as to whether there actually was an excessive risk of harm.

Plaintiff presented no evidence that the Board of County Commissioners even knew there was a ventilation problem, much less that it was endangering plaintiff. As to the other defendants, plaintiff established that each of them knew there were car exhaust fumes entering the jail on at least one occasion, but he presented no evidence that they knew the fumes were making plaintiff, or any other inmate, sick. Even if we infer from the record that Lt. Adler received and read plaintiff's grievances, [4] they showed only that plaintiff was suffering plugged ears, burning eyes, headaches, and/or nausea on January 2, January 5, January 7, and January 14, 1997, at which point he went to see the nurse. [5] Plaintiff also

_____

[4]     Plaintiff alleged that Lt. Adler was the person responsible for reading inmate grievances and defendants admitted in their answer that plaintiff filed the grievances and that they were properly processed.

[5]     In his grievances, plaintiff complained of smelling the fumes between

(continued...)

-13-

testified that he saw a doctor about his symptoms one time, but he did not indicate when that occurred or if any of the named defendants knew of his visit. Construing the evidence of record and all reasonable inferences therefrom in the light most favorable to plaintiff, we conclude that plaintiff failed to present a triable issue of fact as to whether defendants knew the fumes presented a substantial risk of serious harm to plaintiff and disregarded that risk.

Moreover, plaintiff did not allege that any of the named defendants were personally involved in providing poor ventilation. For a prison official to be liable under § 1983 for an Eighth Amendment violation, he must have been personally and directly responsible for the occurrence of the alleged violation. *See Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996); *Mitchell*, 80 F.3d at 1441. Nor did plaintiff allege that the poor ventilation was the result of a custom or policy of the county. *See Myers*, 151 F.3d at 1320. Therefore, the district court properly granted summary judgment for defendants in both their

---

[5](...continued)
10:00 and 11:00 p.m. on November 19, 1996; between 2:00 and 3:00 p.m. on November 20; at 11:00 p.m. on January 2, 1999; at 6:45 a.m. on January 5; at 6:45 a.m. on January 7; at 10:30 p.m. on January 13; and at 8:45 a.m. on January 14. Plaintiff testified that he could smell the exhaust at certain times pretty much every day he was incarcerated at the jail, from November 10, 1996 to June 16, 1997, but he presented no evidence that he continued to complain to any of the defendants after his January 14 grievance.

individual and official capacities on plaintiff's claim for deliberate indifference arising from poor ventilation.

Finally, we conclude that summary judgment also was proper on plaintiff's claim for deliberate indifference to his serious medical needs. Plaintiff did not name as defendants any of the medical personnel who treated him, and he did not allege that any of the named defendants interfered with his access to treatment or otherwise deprived him of the medical care he sought. *See Mitchell*, 80 F.3d at 1441. Nor did plaintiff allege that the deprivation of adequate medical care was the result of any custom or policy of the county. *See Myers*, 151 F.3d at 1320. Therefore, the district court properly granted summary judgment to defendants in both their individual and official capacities.

IV.

In conclusion, the district court correctly dismissed plaintiff's due process claim with prejudice and correctly entered summary judgment against plaintiff on his two claims for deliberate indifference. The district court also correctly dismissed plaintiff's retaliation and discrimination claims, but the dismissals should have been without prejudice. Therefore, the judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, and the case is REMANDED with instructions that the dismissal of plaintiff's retaliation and discrimination claims be without prejudice to plaintiff's filing an amended complaint. Plaintiff

-15-

is reminded that he is obligated to continue making partial payments of the filing fee until the entire fee has been paid.

Entered for the Court


Robert H. Henry
Circuit Judge